## Polmounter v. Hazleton Volunteer Firemen's Relief Association

*George I. Puhak,* for petitioners.
*Feldmann & Ciotola,* for defendant.

BIGELOW, J., June 9, 1969.—In the petition for declaratory judgment, plaintiffs aver that they are paid firemen in the employ of the City of Hazleton and are also members of the Hazleton Volunteer Fire men's Relief Association of Hazleton, Pa., a nonprofit corporation created by and existing under the laws of the Commonwealth of Pennsylvania to which belong volunteer firemen having membership in the five fire companies of the City of Hazleton, and that all of the paid firemen who are members of the Paid Firemen's Pension Fund Association are also members of the Hazleton Volunteer Firemen's Relief Association

of Hazleton, Pa. Defendant's answer admits these averments.

By stipulation of counsel filed November 13, 1968, the following facts were agreed to and stated:

"1. None of the individual members, including the plaintiffs, pay any dues or any other monies to the defendant.

"2. The Constitution and By-laws in effect at the time of plaintiffs' claim for sick and disability benefits is hereto annexed.

"3. All of the monies and fund of the defendant consist of monies received by it from the Commonwealth of Pennsylvania under the Act of June 28, 1895 (72 P.S. 2262).

"4. Plaintiffs are paid firemen of the City of Hazleton and are also members of the Hazleton Volunteer Firemen Relief Association of Pennsylvania."

Defendant's new matter avers the following which are admitted by petitioners' reply thereto:

"15. The said petitioners are paid firemen in the employ of the City of Hazleton and are also members of the Paid Firemen's Pension Fund Association established by an ordinance duly enacted by the said City of Hazleton, being Ordinance No. 1275, Section 2 June 22, 1943 and created specifically by the said City of Hazleton for the purpose of establishing a pension fund for said 'paid' firemen and for the purpose of receiving contributions to said fund including one-half of the share of taxes provided by the said act of June 28, 1895 above referred to.

"16. The assets of the said defendant Association includes money received from the City of Hazleton and paid to the City of Hazleton by the Commonwealth of Pennsylvania for the benefit of the said defendant Association pursuant to the said Act of June 28, 1895 which provides for the distribution of the 2% tax on the premiums received by Foreign Fire Insur-

ance Companies as more fully set forth in said act of legislature."

The essential dispute involved in this proceeding is set forth in paragraph 4 of the petition and the corresponding paragraph of defendant's answer thereto:

Petition: Paragraph 4. "Attached hereto and forming part of this petition is Exhibit No. 1 containing a list showing the names of the firemen, the days they reported on duty, the day they reported off duty, and the total number of days absent from work, and the reason for being off duty, to wit, sickness or injury; also the total amounts of their claims."

Answer: Paragraph 4. "Admitted. Said firemen are all paid firemen in the employ of the City of Hazleton and are not entitled to the amounts claimed or to any benefits from defendant."

Paragraph 14 of the petition states the issue here involved as follows:

"14. The issue for adjudication by your Honorable Court is, therefore:

"(1) Is a member of the Hazleton Volunteer Firemen's Relief Association of Hazleton, Pa. who has paid all required dues to said Hazleton Volunteer Firemen's Relief Association of Hazleton, Pa. and who is also a member of the Hazleton Paid Firemen's Pension Fund Association entitled to benefits for sickness and/or injury received while performing services as a fire fighter during a time when (a) off duty as a paid fireman, (b) during his regular working time as a paid fireman under the By-Laws of the Hazleton Volunteer Firemen's Relief Association of Hazleton, Pa."

Paragraph 14 of defendant's answer denies petitioner's statement of the issue and pleads four issues as follows:

"14. Denied. The issue for adjudication by your Honorable Court is as follows:

"(1) Is a member of the Hazleton Volunteer Firemen's Relief Association of Hazleton, Pennsylvania who is also a paid member of the Hazleton Paid Firemen's Pension Fund Association and a paid fireman in the employ of the City of Hazleton entitled to any of the benefits provided for sickness and/or injury as provided in the Constitution and By-Laws of the said defendant Association.

"(2) May any part of the monies received by the said defendant Association pursuant to the said act of June 28, 1895, P. L. 408, Section 2 as amended (72 P. S. 2262) be used for the payment of benefits by the said Association to any of its members who are paid firemen of the said City of Hazleton and members of the said Hazleton Paid Firemen's Pension Fund Association.

"(3) May any member of the Hazleton Paid Firemen's Pension Fund Association who is also a member of the Hazleton Volunteer Firemen's Relief Association, the defendant above named, receive benefits from the Association for sickness, disability, or injury received or contracted while performing public fire duty as defined in Article 2, Section 2 of the Constitution of the said Association.

"(4) Are Sections 8 to 11 inclusive of Article 7 of the By-Laws providing for the payment of benefits to the members of the defendant Association because of injuries or sickness not incurred on public fire duty in violation of Section 1 and 2 of Article 2 of the Constitution of the said defendant Association."

Defendant's rejection of plaintiffs' demands upon it are predicated upon two basic reasons: the first, that the constitution and bylaws of the Hazleton Volunteer Firemen's Relief Association prohibit payment of any benefits to paid firemen; the second, that the Act of June 28, 1895, sec. 2, as amended, 72 PS §2262, prohibits payment from this fund to paid firemen.

The Auditor General of the Commonwealth of Pennsylvania did not appear during the argument of this case or at any stage of this proceeding but did, however, file a brief in support of defendant's position, concluding as follows:

"Accordingly, the Department of the Auditor General respectfully suggests that paid firemen of the City of Hazleton, Pennsylvania, who are members of the pension fund established for their exclusive benefit and which pension fund receives money from the Commonwealth's distribution of the tax upon premiums paid by Foreign Fire Insurance Companies are not entitled to participate at the same time as volunteer firemen in benefits made available by the relief fund administered for volunteer firemen by the Hazleton Volunteer Firemen's Relief Association of Hazleton, Pennsylvania, which also receives money from the Commonwealth for the use of volunteer firemen by virtue of the aforementioned Commonwealth distribution of tax moneys."

To resolve this dispute, the court first looks to the constitution of the Hazleton Volunteer Firemen's Relief Association of Hazleton, Pa., attached to the stipulation of counsel. Under article II thereof is the following statement:

"ARTICLE II. Objects. Section 1. The objects of this Association shall be to provide and maintain a fund from legacies, bequests, contributions and revenues from other sources, for the *relief and burial of such members of the five (5) volunteer fire companies* as are under the supervision and control of the City of Hazleton, . . . *as may contract sickness or suffer injury or death in the performance of public fire duty,* as hereinafter defined, and for the expenses necessary or incident to the maintenance of this association.

"Section 2. The term *'public fire duty'* shall be deemed and construed to include *only* (a) *services as*

*a volunteer fireman* in the actual combat against the existence or spread of fire, (b) *travel while enroute to or return from,* conflagrations, fires, explosions or threatened fires, or the spread thereof, *but only in the event of a previous fire alarm, or in response to call from authorized municipal officers;* and (c) *the testing of fire apparatus,* appliances and plugs *when especially ordered* by the proper municipal officers." (Italics supplied).

It is quite clear that any sickness or injury benefits with which we are here concerned, to be paid by this association pursuant to its constitution, are limited to sickness contracted, or injury suffered in, the performance of public fire duty as defined in section 2, supra. The answer to question no. 4 clearly must be "yes" as any payments for sickness or injury not contracted or suffered in the performance of public fire duty are not authorized by the constitution. It is noted that the sections of the bylaws authorizing such payments were "abolished" from the bylaws on April 1, 1966. In exhibit 1, attached to the petition under "remarks" and "sickness or injury," each claimant's status for the period for which benefits are claimed is stated; for example, "hurt at fire-off duty", "off duty-hurt at fire", "sickness-off duty", "sickness-in hospital off duty", etc. As a general rule, where there is a conflict between the constitution and the bylaws of an association, the constitution will prevail: 3 P. L. Encyc. Associations and Clubs, §2.

The next determination is as to who is to be considered a member of the class of persons entitled to benefits within the meaning of "such members of the 5 volunteer fire companies as are under the supervision and control of the City of Hazleton" (constitution, art. II, sec. I), and "Any active volunteer member of any of the several fire companies constituting this association . . .; provided moreover, that as a con-

dition precedent to the accrual of benefits hereunder such member shall, at the date of contracting such sickness or sustaining such injury, be in good standing upon the books of his constituent company and shall not be in arrears in the payment of dues thereto." Bylaws, art. VII, sec. 1. As stated above, by stipulation, counsel have agreed that none of the members pay any dues or any other moneys to defendant; however, payment of dues to defendant is not the condition precedent to entitlement to benefits. Payment of dues to the constituent fire company and membership in good standing therein is the condition precedent. Article V of the constitution defines the membership of defendant association as:

"Membership. Section 1. The members of this association shall consist of first class or active members of the five volunteer fire companies under the supervision and control of the City of Hazleton . . ."

Article VII, sec. 4, of the bylaws of defendant association provides, in part:

"No such member shall be entitled to any sick or disability benefits, . . . if such member shall be in arrears in the payment of dues to his constituent company at the time of the origin of such sickness, (whether the same results in death or otherwise) or at the time of sustaining such injury; . . ."

Thus, it is clear that membership in good standing as a volunteer fireman in a constituent volunteer fire company is the basis fixed by defendant's constitution and bylaws for entitlement to whatever benefits accrue to the members of defendant association. On November 23, 1964, the writer of this decision, handed down the decision in LeGrande v. Hazleton Volunteer Firemen's Relief Association (defendant herein), 35 D. & C. 2d 567, 55 Luz. 63. In that decision, the following was said:

". . . Defendant does not raise any question as to plaintiff's eligibility to recover as the beneficiary of a deceased volunteer fireman other than that it was not the intention of the legislature to allow a paid fireman, who is also a volunteer fireman, to recover benefits in each capacity. If the Volunteer Firemen's Association had in contemplation to exclude paid firemen from membership in the association or to curtail their benefits otherwise payable, it would appear that some prohibition to this effect would have been embodied in the constitution or by-laws of the Firemen's Relief Association. No such prohibition or limitation is pleaded by the defendant association. The intention of the General Assembly to divide the available moneys from the Foreign Fire Insurance Fund Premium Tax between the paid firemen's pension fund and the volunteer firemen's relief fund association cannot be extended to establish eligibility for membership in the association in the manner claimed by the Attorney General and defendant."

In the LeGrande decision the points at issue included that of the eligibility of a paid fireman who also is a member of a volunteer fire company for benefits as a volunteer fireman. That dispute was resolved in favor of a dual status; in other words, a paid fireman could be a member of a volunteer fire company, and if as a volunteer fireman he was entitled to benefits from the volunteer firemen's relief association, his status as a paid fireman did not preclude his receipt of these benefits. The constitution and bylaws of defendant association have not been amended since the LeGrande decision in any manner to exclude the paid firemen from receiving these benefits as a volunteer fireman. His entitlement, of course, is governed by the said constitution and bylaws, in all respects.

The defendant association and, by brief submitted, the Auditor General of the Commonwealth of Penn-

sylvania submit the additional ground for denial of the relief sought by the paid firemen who are also volunteer firemen that by statutory and decisional law the volunteer firemen's relief fund can benefit only volunteer firemen and not a paid fireman under any circumstances, as the paid firemen have a pension fund established for their own benefit which receives money from the premium tax paid by Foreign Fire Insurance Companies.

The basic statutory provision for the division of the proceeds of this tax between volunteer and paid firemen's relief and pension funds is the Act of June 28, 1895, P. L. 408, sec. 2, as amended, 72 PS §2262, in part as follows:

". . . Provided, That if the fire department consists of paid and volunteer firemen and the paid firemen shall be covered by a pension fund, then the two per centum tax aforesaid shall be divided equally between the relief fund association of the volunteer firemen and the pension fund for the paid firemen."

As noted above, it is admitted in the pleadings that all of the paid firemen of the City of Hazleton who are members of the Paid Firemen's Pension Fund Association are also members of the defendant association. It is thus clear that the two separate funds exist. It is also clear that the Act of 1895, supra, does not in haec verba provide that a paid fireman cannot also be a volunteer fireman nor that he may not receive benefits from each of the funds.

Two statements in defendant's argument brief are cogent to recognition of the factual bases of this controversy:

"The paid firemen who are members of the Volunteer Association and are the paid employes of the City of Hazleton for the first time seeking to tap the Treasury of the Volunteer Association for the payment of benefits arising from sickness or from injuries received while performing public fire duty.

"If the position of the paid firemen is maintained and sustained by the court in this case, it will then make available to these paid firemen not only the proceeds of the 1% tax for their own Pension Fund but will also make available to them the remaining 1% proceeds of the said tax on insurance premiums intended for the Volunteer Firemen. Exposing the Treasury of the Volunteer Firemen's Association which consists solely of the 1% tax would mean eventually an exhaustion of the Fund and the destruction of one of the major incentives for men who serve without pay to make themselves available as volunteer firemen in fighting fires in the public interest."

Admittedly, a volunteer fireman is one who performs his duties as such without compensation for his services. He may earn his livelihood as a carpenter, plumber, clerk, bus driver or school teacher. As this court views the matter, he may also earn his livelihood as a paid fire driver. When such person is serving in his capacity as a carpenter, plumber, clerk, bus driver or paid fire driver, he is entitled to whatever benefits his employer, association or union provides for him in accordance with the governing rules and regulations. When, however, he departs from his livelihood and serves as a volunteer fireman, then he is eligible for whatever benefits to which a volunteer fireman is entitled. Needless to say, a paid fire driver injured while on duty as a paid fire driver is not entitled to benefits from the Volunteer Firemen's Relief Association, for the only injuries or sickness for which any volunteer fireman is entitled to receive benefits are those incurred while serving as a volunteer fireman, not as a paid fireman. A fireman cannot be serving as both a volunteer and a paid fireman at the same time. While he is on duty and being paid therefor as a paid fireman, he does not qualify for any benefits as a volunteer fireman. While he is off duty as a paid

fireman, whether or not he is entitled to benefits as a volunteer fireman is determined by whether or not he is then performing public fire duty as a member of one of the five volunteer fire companies of the City of Hazleton.

There is also no question that the Auditor General of the Commonwealth of Pennsylvania may adopt regulations in connection with the duty of that office to audit the accounts and records of the volunteer firemen's relief associations which receive money from the premiums tax paid by Foreign Fire Insurance Companies within the limits of Volunteer Firemen's Relief Association of the City of Reading v. Minehart, 425 Pa. 82. There is also no question that it is the duty of the said auditor general to audit the accounts and records of these associations. This court, however, is not able to conclude that the position taken by defendant or the brief of the auditor general has any basis in law. Certainly, there are two funds provided for in the distribution of these premium taxes, namely, the paid firemen's pension fund and the volunteer firemen's relief fund. The funds are distinct and each has its own purposes and function. The first pays benefits in recognition of paid fire service, the second pays benefits earned by volunteer service. No paid fireman is required to serve as a volunteer fireman, but if he does, nothing in law precludes him from receiving the same benefits any other volunteer fireman is entitled to receive. What the auditor general and the defendant association seek to do is to deny to one group of volunteer firemen, those who are off-duty paid firemen, the benefits payable to all of the other volunteer firemen who, as noted above, are off-duty from whatever their livelihood may be. This court does not presume to conclude that paid firemen cannot be excluded from volunteer fire service; however, it does conclude that nothing in the Act of 1895,

supra, nor in defendant's constitution or bylaws has accomplished this exclusion.

Therefore, the court finds as follows:

### DECLARATION

On consideration of the petition of plaintiffs herein, the answer of defendant herein, the stipulation of facts, the briefs of the respective parties hereto and that of the Auditor General of the Commonwealth of Pennsylvania, and after argument of the respective positions of the parties hereto, the court orders and decrees that the issues raised by the parties are determined as follows:

1. A member of the Hazleton Volunteer Firemen's Relief Association of Hazleton, Pa., who has paid all required dues to the volunteer fire company of which he is a member in good standing and is also a paid fireman of the City of Hazleton is entitled to receive benefits from the Hazleton Volunteer Firemen's Relief Association of Hazleton, Pa., only for sickness and/or injury received while off duty as a paid fireman and while serving on public fire duty as a volunteer fireman.

2. A paid fireman of the City of Hazleton is not entitled to benefits from the Hazleton Volunteer Firemen's Relief Association of Hazleton, Pa., for sickness and/or injury received while on duty as a paid fireman.

3. To the extent set forth in (1) above only, a paid fireman of the City of Hazleton who is a member of the Hazleton Paid Firemen's Pension Fund Association may receive benefits from the Hazleton Volunteer Firemen's Relief Association of Hazleton, Pa., and to this extent only the required part of the moneys received by the said Hazleton Volunteer Firemen's Relief Association of Hazleton, Pa., pursuant to the Act of June 28, 1895, P. L. 408, sec. 2, as amended, may be used for the benefit of said paid firemen.

4. Any payments to members of the Hazleton Volunteer Firemen's Relief Association for sickness and/or injury not incurred while on public fire duty as a volunteer fireman are in violation of sections (1) and (2) of article II, of the constitution of said association.